# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHERYL AGUIRRE,

    Plaintiffs,                                                           Case No.

v.                                                                           Hon.

AMERICAN ACADEMY OF
PROFESSIONAL CODERS,
    Defendant.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (85633)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St. Ste 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
grant@hurwitzlaw.com

---

There is no other pending or resolved civil action arising out of this transaction or occurrence alleged in the complaint.

## **COMPLAINT AND JURY DEMAND**

Plaintiff Cheryl Aguirre ("Plaintiff"), by and through her attorneys, HURWITZ LAW PLLC, hereby alleges as follows:

## INTRODUCTION

1.  This is an action for money damages, liquidated damages, costs, attorneys' fees, and other relief against Defendant American Academy of Professional Coders ("Defendant") precipitated by the termination of Plaintiff's employment after she suffered a serious health condition in contravention of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, and Michigan's Elliot-Larsen Civil Rights Act, M.C.L.A. § 37.1101, *et seq*.  But for Plaintiff's age and her medical status requiring protected medical leave, Defendant would not have terminated her.

## JURISDICTION AND PARTIES

2.  Plaintiff Cheryl Aguirre is an individual residing in Onsted, Michigan, which is located in Lenawee County.

3.  Defendant American Academy of Professional Coder is a for profit corporation with its headquarters located in Salt Lake City, Utah.

4.  Plaintiff's claims arise out of Defendant's multiple violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* and Michigan's Elliot-Larsen Civil Rights Act (the "ELCRA"), M.C.L.A. § 37.1101, *et seq*.

5.  This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claim.

6.  This Court also has original diversity jurisdiction pursuant to 28 U.S.C.

§ 1332 because Defendant is now, and at all times mentioned was, a corporation duly organized and existing under the laws of Utah, and Plaintiff is now, and at all times mentioned was, a citizen domiciled in the United States in the State of Michigan. Moreover, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as it is the district where the events giving rise to Plaintiff's claims took place and where Defendant regularly conducts business.

8. The facts and unlawful employment practices within the meaning of the FMLA and ELCRA giving rise to this Complaint occurred within the Eastern District of Michigan.

9. Defendant is an employer and Plaintiff was its employee at all relevant times within the meaning of the FMLA and ELCRA.

**GENERAL ALLEGATIONS**

10. Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

11. Defendant is a corporation performing training and credentialing for the business of healthcare, with members working in medical coding, billing, auditing, compliance, clinical documentation improvement, revenue cycle management, and practice management.

12. Plaintiff was employed by Defendant as an Auditor from 2019 until her termination.

13. In the last two years, Plaintiff has fought breast cancer, undergone brain surgery, endured chronic pain in her cervical spine, and suffered the tragic loss of her husband, all while continuing to work.

14. A year after Plaintiff was hired by Defendant, she was tragically diagnosed with breast cancer.

15. Plaintiff was required to take FMLA leave to receive four separate surgeries along with radiation therapy.

16. Plaintiff was able to treat the cancer successfully and it is currently in remission.

17. Plaintiff returned to work in 2020 following her FMLA leave.

18. In 2021, Plaintiff learned that she needed to undergo brain surgery to treat a cerebral spinal fluid leak.

19. Plaintiff's surgery was successful, and she returned to work three weeks later, having been required to use two weeks of paid time off ("PTO") and one week of FMLA leave.

20. Approximately a year later, in June 2022, Plaintiff's husband tragically died.

21. Plaintiff took two weeks off work to grieve and adjust to life without

life partner.

22. Plaintiff then returned to work and continued to perform her job duties competently.

23. In September 2022, Plaintiff applied for intermittent FMLA due to cervical spine injuries. Specifically, Plaintiff began treatment at a pain clinic and received two separate nerve blocks.

24. On November 14, 2022, Plaintiff returned to work from FMLA leave without restrictions.

25. Almost immediately after Plaintiff's return to work, Defendant began treating her differently than coworkers.

26. Management questioned Plaintiff's production and quality targets, despite her numbers remaining on pace with her pre-leave production.

27. Despite Plaintiff's adequate production, Defendant placed her on a Performance Improvement Plan ("PIP") a week after she was back to full duty.

28. Plaintiff was terminated less than two weeks later, only three weeks after her FMLA leave ended.

29. It is indisputable that Plaintiff suffered from serious health conditions and is a covered employee under the FMLA.

30. Defendant was therefore required not to retaliate against Plaintiff for taking or attempting to apply for FMLA-protected medical leave.

31. The causal connection between Plaintiff's return from FMLA leave and her termination is established by temporal proximity alone, although there is additional proof of causation.

32. "[T]he causal connection between the protected activity and the adverse employment action necessary for a prima facie case of retaliation can be established solely on the basis of close temporal proximity." *Render*, 2022 WL 16960500 at *11 (citing *Judge v. Landscape Forms, Inc.*, 592 F. App'x 403, 409 (6th Cir. 2014)).

33. Plaintiff was terminated, not for Defendant's pretextual reasoning that she did not meet performance standards, but rather in retaliation for attempting to secure FMLA leave related to her worsening health.

34. Additionally, Plaintiff believes she is the second or third oldest individual in her former department.

35. Plaintiff was 63 years of age when she was terminated.

36. Plaintiff was subjected to adverse employment action, including being placed on a PIP and termination.

37. Plaintiff was otherwise qualified for her position.

38. Defendant's proffered reason for termination is pretextual.

39. Plaintiff can make the necessary showing of pretext not just by proving discriminatory animus, but alternatively by casting doubt on Defendant's asserted nondiscriminatory basis (i.e., "performance").

6

40. Defendant's proffered explanation is not credible.

41. Defendant is not eliminating Plaintiff's position, and younger employees will certainly be assuming the same duties and responsibilities that Plaintiff once held.

42. At the time of her termination, Plaintiff was qualified for the position.

43. Plaintiff can make out a *prima facie* case of age discrimination.

## COUNT I
## FMLA RETALIATION

44. Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

45. Plaintiff dutifully and professionally performed her duties as an Auditor. It was not until notifying Defendant of her need to take a protected FMLA absence and taking said protected leave that her employment was terminated.

46. Plaintiff's injury is a serious health condition under the FMLA, as it is an injury, impairment, or physical condition that involved inpatient care in a hospital and continuing treatment by a health care provider. 29 U.S.C. § 2611(11).

47. The conversations between Plaintiff and Defendant placed Defendant on notice that Plaintiff required protected medical leave under the FMLA. "[T]o invoke the protection of the FMLA, an employee must provide notice and a qualifying reason for requesting the leave." *Brohm v. JH Props., Inc.*, 149 F.3d 517,

523 (6th Cir. 1998).

48. Defendant terminated Plaintiff's employment due to the exercise of her rights under the FMLA.

49. A causal connection exists between the exercise of Plaintiff's protected right and her termination. "Where an adverse employment action occurs very close in time after an employer learns of a protected activity, such temporal proximity between the events is significant enough to constitute evidence of a causal connection for the purposes of satisfying a prima facie case of retaliation." *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008).

50. Defendant cannot set forth evidence that it planned the elimination of Plaintiff's job before her protected medical leave.

51. By terminating Plaintiff's employment immediately following her protected return to work date, Defendant failed to comply with 29 U.S.C. § 2614(a)(1)(A)-(B) which states that an employee returning from medical leave has the right to "be restored by the employer to the position of employment held by the employee when the leave commenced" or "to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment."

52. Defendant's actions in violation of the FMLA were willful.

53. As a direct and proximate result of Defendant's retaliation against Plaintiff for exercising her FMLA rights, Plaintiff suffered feelings of depression,

emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will continue to suffer in the future.

54. As a further direct and proximate result of Defendant's violation of the FMLA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work in the future.

## COUNT II
## RETALIATION IN VIOLATION OF THE ELCRA

55. Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

56. Defendant employed Plaintiff within the meaning of the Elliott-Larsen Civil Rights Act, MCL 37.2010 et seq. ("ELCRA").

57. Defendant is an employer within the meaning of ELCRA.

58. ELCRA prohibits, among other things, discrimination based upon age.

59. Plaintiff was qualified for the position she held at the time of his termination.

60. Defendant held Plaintiff to a different standard than her younger colleagues.

61. Plaintiff suffered adverse actions, including being placed on a PIP and

termination, while similar-performing employees younger than 40 were retained and promoted.

62. As a direct and proximate result of Defendant's violation of the ELCRA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

63. As a further direct and proximate result of Defendant's violation of the ELCRA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been required to employee the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff claims, individually and on behalf of all other similarly situated individuals as follows:

a. Judgement against Defendant in the amount of Plaintiff Cheryl Aguirre's unpaid back pay, front pay, injunctive relief, declaratory judgment, liquidated damages, punitive damages, and attorney fees under the FMLA and ELCRA;

10

b.	An award of unpaid overtime wages, wages for compensable hours, unaccrued vacation time, liquidated damages, costs and attorney fees under the FMLA and ELCRA;

c.	Interest; and

d.	Such other relief as in law or equity may pertain.

        Respectfully Submitted,
        HURWITZ LAW PLLC

*/s/ Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
*Attorneys for Plaintiff*
340 Beakes St. Ste. 125
Ann Arbor, MI 48104
(844) 487-9489

Dated: May 30, 2023

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHERYL AGUIRRE,
Individually and on behalf of all
other similarly situated individuals,

    Plaintiffs,                              Case No.

v.                                               Hon.

AMERICAN ACADEMY OF
PROFESSIONAL CODERS,
    Defendant.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (85633)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St. Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
grant@hurwitzlaw.com

---

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff Cheryl Aguirre, by and through her attorneys, HURWITZ LAW PLLC, and hereby demands a jury trial in the above-captioned matter for all issues so triable.

13

                                                Respectfully Submitted,
                                                HURWITZ LAW PLLC

                                                */s/ Noah S. Hurwitz*
                                                Noah S. Hurwitz (P74063)
                                                *Attorneys for Plaintiff*
                                                340 Beakes St. Ste. 125
                                                Ann Arbor, MI 48104
                                                (844) 487-9489

Dated: May 30, 2023